SUMMARY ORDER

Plaintiff-appellant Jose Santiago, pro se, appeals the district court’s grant of summary judgment dismissing his complaint brought pursuant to 42 U.S.C. § 1983, al *960 leging that defendants violated his Eighth Amendment rights by denying him adequate medical care. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
To prevail on an Eighth Amendment claim for medical mistreatment in prison, a prisoner must show that the defendants acted with deliberate indifference to a serious medical need. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The prisoner must satisfy two requirements: “First, the prisoner must prove that the alleged deprivation of medical treatment is, in objective terms, sufficiently serious-that is, the prisoner must prove that his medical need was a condition of urgency, one that may produce death, degeneration, or extreme pain. Second, the prisoner must prove that the charged official acted with a sufficiently culpable state of mind.” Johnson v. Wright, 412 F.3d 398, 403 (2d Cir.2005) (internal quotation marks and citations omitted).
Santiago alleges, among other things, that he had a serious medical condition, requiring the use of a catheter to urinate. He asserts that the defendants, Correction Officer Michael Stamp, Dr. John Alves, and Nurse Robert Brandt, were aware of this condition, and that they intentionally denied him access to his medical supplies, which he needed for the use of his catheter. He alleges that the denial of access to these supplies caused him to suffer severe pain and to contract a urinary tract infection, and that following his contracting this infection, defendants failed to properly treat him for it. In granting summary judgment in favor of defendants, the district court concluded that Santiago had “failed to establish through competent and reliable evidence that he suffers from a sufficiently serious medical condition, or that Defendants’ actions resulted in him suffering a serious medical condition.” The district court also found that Santiago failed to provide any medical documentation to support his claims, noting that he had provided no evidence that he suffers from a bladder problem requiring repeated use of a catheter. While the district court acknowledged that the prescribed use of a catheter and related medical supplies indicated Santiago had “some problem,” it concluded that he could urinate without a catheter based on the fact that he had urinated in a recreation yard without one.
Eight days after the district court’s grant of summary judgment, Santiago sent the district court medical records supporting his claims, including sick call request forms detailing the onset of his urinary tract infection following defendants’ withholding of his medical supplies, a sick call request form completed by defendant Brandt indicating Santiago had a urinary tract infection and noting that a doctor had prescribed medication, a prescription for antibiotics for his infection, and inmate grievance forms filled out by Santiago requesting catheters and disinfectants. Santiago included these records with his appellate brief, but they were not considered by the district court.
“It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.” Triestman v. Fed. Bur. of Prisons, 470 F.3d 471, 474 (2d Cir.2006) (citation, internal quotation marks and emphasis omitted). This policy “is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.” Id. (citation, internal quotation marks and brackets *961 omitted). In ensuring justice for pro se litigants, “[federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.” Castro v. United, States, 540 U.S. 375, 381, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).
In light of the liberal construction we must give pro se submissions, and the timeliness with which Santiago submitted his papers to the district court, the district court should have construed Santiago’s filings as motions to amend the judgment or for relief from judgment under Fed. R.Civ.P. 59(e) and Rule 60(b)(1) and (6). See Fed.R.Civ.P. 59(e) (“A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment”); Fed.R.Civ.P. 60(b)(1), (6) (motion for relief from a final judgment for mistake, inadvertence, or excusable neglect, or any other reason that may justify relief). Mailing his medical records and sick call requests to the district court after the district court had issued its order and including them in his brief to this Court indicates that Santiago intended for these records to be considered in assessing his claim. Santiago’s evidence substantiates his claim that he had a urinary tract infection that may have been untreated or improperly treated by Alves and Brandt.
The district court’s determination that Santiago could not prove that he had a urinary tract infection or that he had made sick-call requests was material to the district court’s ruling, and the evidence Santiago attempts to provide directly counters that determination. Neither Alves nor Brandt address, let alone deny, Santiago’s claim of a urinary tract infection in their declarations in support of their motion for summary judgment, leaving the door open for Santiago to establish that he had such an infection.
Although the sick call form filled out by Brandt on July 16, 2003, and the prescription filled out on July 22, 2003, indicate that medical staff at Southport were aware of, diagnosed, and apparently attempted to treat Santiago’s urinary tract infection, Santiago’s repeated sick-call requests after Brandt identified Santiago’s infection and after Santiago apparently received medication creates, on the record so far, a possible factual question as to whether the problem persisted, and, if it did, whether Brandt and Alves were aware of its persistence. If the problem did persist, this fact could raise a triable issue of fact as to the adequacy of Brandt and Alves’ treatment of Santiago.
Accordingly, the district court’s grant of summary judgment is vacated insofar as it applies to Brandt and Alves, and remanded with instructions to construe Santiago’s late filings as Rule 59(e) and Rule 60(b)(1) and (6) motions.
The district court concluded that defendants’ treatment of plaintiff was reasonable, and, therefore, it was safe to assume that it was “objectively reasonable” for them to believe their actions did not violate clearly established law. Cf. Warren v. Keane, 196 F.3d 330, 332 (2d Cir.1999) (“Defendants are entitled to qualified immunity if ... it was objectively reasonable for them to believe that their actions did not violate [clearly established] law.”). The court therefore decided that even if there was a constitutional violation, the defendants were entitled to qualified immunity. If, on remand, insofar as the court concludes that the defendants’ treatment of Santiago was not reasonable, its ruling that defendants are entitled to qualified immunity would necessarily be subject to reexamination. We therefore also vacate the district court’s grant of summary judgment with respect to its conclu *962 sion that defendants have established that they are entitled to qualified immunity.
With respect to defendant Stamp, nothing in the later filings by Santiago is relevant to his claim against Stamp. Because there is no evidence Stamp acted with deliberate indifference, we affirm the district court’s grant of summary judgment with respect to Santiago’s claim against Stamp.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part, VACATED in part, and REMANDED to the district court for further proceedings.